McCARTY HILDRETH, Appellant, v. WILLIAM TURNER,
Appellee.

APPEAL FROM LOGAN.

The Act of Congress requiring a transfer of letters patent, to be recorded in the
Patent Office within three months, is directory only as between the parties.

THIS was an action of assumpsit on a promissory note. The
sole defence goes to the consideration of the note. It is pre-
sented by two pleas: 1st. That the note was given for an inter-
est for a supposed patent for an "Horological Cradle;" whereas
there was no patent, but only a patent for an "ornamental
design" for an horological cradle. 2nd. That the note was given
for an interest in a supposed patent, and that said patent con-
tains more than is necessary to produce the described effect;
which addition was made for the purpose of deceiving the public.

Pleas traversed, and trial by the court by agreement.

The defendant below gave in evidence an instrument in writ-
ing, made by one Alexander Edmunds, purporting to transfer to
the plaintiff and defendant herein a certain interest in a patent
to said Edmunds, of date February 23rd, 1853, for an "horo-
logical cradle."

Defendant also gave in evidence a patent and specifications to
Alexander Edmunds, of date February 22nd, 1853, for an orna-
mental design for an horological cradle. Defendant also proved
by said Edmunds, that the foregoing is the only patent ever
issued to him, and that the note was given for the supposed
transfer, evidenced by the instrument in writing aforesaid. This
was all the evidence.

The court gave judgment for the plaintiff below, and the de-
fendant appeals, and now assigns for error that the court below
erred in rendering judgment for the plaintiff below.

. STUART and EDWARDS, and LINCOLN and HERNDON, for Appel-
lant.

L. P. LACEY, for Appellee.

CATON, J. The first question in this case is precisely like that
decided in *Myers* v. *Turner*, *ante*, and is determined in the same
way, for the reasons there assigned.

This record presents the additional question: whether the
assignment or transfer of a patent right is operative, until it is
recorded as required by the patent laws of the United States.
The assignment was, by the act of Congress, required to "be

recorded in the patent office within three months from the execution thereof." This act has been repeatedly held by the federal courts to be merely directory as between the parties; and, like our ordinary registry laws, designed for the benefit of subsequent *bona fide* purchasers. The reasons assigned·for this construction by Story, J., in *Pitts* v. *Whitman*, 2 Story R. 609, are conclusive. He says: "In the first place, it is difficult to say why, as between the patentee and the assignee, the assignment ought not to be held good as a subsisting contract and conveyance; although it is never recorded by accident, or mistake, or design. Suppose the patentee has assigned his whole right to the assignee, for a full and adequate consideration, and the assignment is not recorded within the three months—and the assignee should make and use the patented machine afterward—could the patentee maintain a suit against the assignee for such making and use, as a breach of the patent, as if he had never parted with his right?" But it is unnecessary to quote the whole of his reasoning. It is sufficient that the question has been settled by the federal courts, whose peculiar province it is to construe the acts of Congress. We follow these decisions, not only because they are authority, but also because we are satisfied they are sustained by sound legal reasoning.

The judgment must be affirmed.

*Judgment affirmed.*